In re REPAIR AND MAINTENANCE PARTS CORPORATION, Debtor.

Allan R. COHEN, trustee, Plaintiff,

v.

KAR PRODUCTS, INC., a Pennsylvania corporation and Partsmaster, Inc., a Texas corporation, Defendants.

Adv. No. 80A2185.

United States Bankruptcy Court, N. D. Illinois, E. D.

April 23, 1982.

Robert S. Atkins and Konstantinois Armiros, Chicago, Ill., for plaintiff.

Charles W. Siragusa, Chicago, Ill., for defendant.

*Memorandum and order*

THOMAS JAMES, Bankruptcy Judge.

Defendant Kar Products, Inc. has moved to dismiss the complaint of Allan R. Cohen, trustee, plaintiff, to recover damages for

alleged violations of the antitrust laws on the ground that this court lacks subject matter jurisdiction under 28 U.S.C. § 1471(c) or, alternatively, to reconsider and grant Kar's motion to abstain. The court will deny both motions.

Kar urges that Congress may not grant subject matter jurisdiction to bankruptcy judges to try cases which are otherwise relegated under the Constitution to Article III judges. This court disagrees.

■■■ The Constitution does not require that all federal cases be litigated in a forum providing Article III protections. When Congress does establish federal courts it need not vest such courts with all the power conferred by Article III. Congress may determine whether the federal courts it establishes should have exclusive jurisdiction of cases under the Constitution of the United States or whether they should exercise that jurisdiction concurrently with the state courts.

■■■ In 1980 Congress amended 28 U.S.C. § 1331 to provide that district courts shall have original jurisdiction of all civil actions under the Constitution, laws and treaties of the United States. Congress did not provide nor has it ever provided for exclusivity of these questions in the federal courts. State courts may now exercise and have previously exercised jurisdiction over these civil actions concurrently with the federal courts, subject to removal to the district courts.

State courts rarely provide tenure or compensation protection for their judges. As the Supreme Court observed in *Palmore v. U. S.*, 411 U.S. 389, 407–408, 93 S.Ct. 1670, 1681, 36 L.Ed.2d 342 (1973):

It is apparent that neither this Court nor Congress has read the Constitution as requiring every federal question arising under the federal law, or even every criminal prosecution for violating an Act of Congress, to be tried in an Art. III court before a judge enjoying lifetime tenure and protection against salary reduction. Rather, both Congress and this Court have recognized that state courts

are appropriate forums in which federal questions and federal crimes may at times be tried; and that the requirements of Art. III, which are applicable where laws of national applicability and affairs of national concern are at stake, must in proper circumstances give way to accommodate plenary grants of power to Congress to legislate with respect to specialized areas having particularized needs and warranting distinctive treatment.

■■■ Congress established the bankruptcy court as a specialized court to insure the orderly and equitable administration, collection and distribution of debtors' estates. H.R.Rep.No. 95–595, 95th Cong., 1st Sess. 19–20 (1977), U.S.Code Cong. & Admin.News 1978, p. 5787. It enlarged the bankruptcy court's jurisdiction and power to avoid the dichotomy between summary and plenary jurisdiction under the previous Bankruptcy Act so that this court could handle cases expeditiously with maximum economy to the estates. S.Rep.No. 95–989, 95th Cong., 2d Sess. 17–18 (1978), U.S.Code Cong. & Admin.News 1978, p. 5787. It wanted a speedy forum to avoid the logjam caused by the Speedy Trial Act and by the volume of litigation pending in district courts. H.R.Rep.No. 95–595, 95th Cong., 1st Sess. 14 (1977).

■■■ Moreover, Congress's power in matters relating to bankruptcy under section 8 of Article I is also plenary as was noted by the Supreme Court in *Taubel-Scott-Kitzmiller Co., Inc. v. Fox*, 264 U.S. 426, 44 S.Ct. 396, 68 L.Ed. 770 (1924), where it stated (p. 430):

Congress has, of course, power to confer upon the bankruptcy court jurisdiction to adjudicate the rights of trustees to property adversely claimed. In matters relating to bankruptcy its power is paramount. Hence, even if the property is not within the possession of the bankruptcy court, Congress can confer upon it, as upon any other lower federal court, jurisdiction of the controversy, by conferring jurisdiction over the person in whose possession the property is.

Here the cause of action belongs to the debtor. The property is within the possession of the bankruptcy court.

As was noted by Alexander Hamilton in *The Federalist Papers*, no. 78, in his discussion of tenure by which federal judges were to hold their places:

> The complete independence of the courts of justice is peculiarly essential in a limited Constitution. By a limited Constitution, I understand one which contains certain specified exceptions to the legislative authority; such, for instance, as that it shall pass no bills of attainder, no *ex-post-facto* laws, and the like. Limitations of this kind can be preserved in practice no other way than through the medium of courts of justice, whose duty it must be to declare all acts contrary to the manifest tenor of the Constitution void. Without this, all the reservations of particular rights or privileges would amount to nothing.

> \*   \*   \*   \*   \*   \*

> This independence of the judges is equally requisite to guard the Constitution and the rights of individuals from the effects of those ill humors, which the arts of designing men or the influence of particular conjunctures sometimes disseminate among the people themselves; and which, though they speedily give place to better information and more deliberate reflection, have a tendency, in the meantime, to occasion dangerous innovations in the government, and serious oppressions of the minor party in the community. Though I trust the friends of the proposed Constitution will never concur with its enemies in questioning that fundamental principle of republican government, which admits the right of the people to alter or abolish the established Constitution whenever they find it inconsistent with their happiness; yet it is not to be inferred from this principle that the representatives of the people, whenever a momentary inclination happens to lay hold of a majority of their constituents, incompatible with the provisions in the existing Constitution, would, on that account, be justifiable in a violation of those provisions; or that the courts would be under a greater obligation to connive at infractions in this shape, than when they had proceeded wholly from the cabals of the representative body. Until the people have by some solemn and authoritative act annulled or changed the established form, it is binding upon themselves collectively, as well as individually; and no presumption, or even knowledge, of their sentiments, can warrant their representatives in a departure from it, prior to such an act. But it is easy to see that it would require an uncommon portion of fortitude in the judges to do their duty as faithful guardians of the Constitution, where legislative invasions of it had been instigated by the major voice of the community.

Article III tenure and compensation protections were intended to give independence to those federal judges primarily charged with reviewing the constitutionality of laws passed by Congress or dealing with issues affecting fundamental rights of persons asserting unpopular causes. While such reviews and issues may arise in the bankruptcy courts, their resolution would be incidental to the court's usual functions. Under the appellate provisions for the bankruptcy courts and the other Article I courts the final decisions on such questions remain with Article III courts.

The court concludes that Congress has properly granted the bankruptcy court its pervasive jurisdiction and that the motion to dismiss is to be denied. The court has also considered Kar's renewed request for the court to abstain. The court will decline to abstain because it believes that it has jurisdiction and that it should act with dispatch to carry out Congress's intent that bankruptcy cases be handled expeditiously.

It is therefore ordered that the motion of Kar Products, Inc., defendant, to dismiss the complaint of Allan R. Cohen, trustee, plaintiff, for lack of jurisdiction or for the court to abstain is denied.